IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT, | Civ. No. 20-00045 SOM-RT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE |
| vs. | |
| ALTRES, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE**

On January 31, 2020, Plaintiff Jason Scutt filed an employment discrimination Complaint, asserting sex (transgender and LBGTQ) and disability discrimination. *See* ECF No. 1. That same day, Scutt filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). *See* ECF No. 2.

To proceed *in forma pauperis*, a plaintiff must submit an affidavit that includes a statement of the assets the plaintiff possesses and a statement that the plaintiff is unable to pay the cost of this proceeding or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the information provided by Scutt, the court determines that Scutt has satisfied this requirement. Scutt states that, in 2019, Scutt made ">$200" in part-time consulting work as a CPA, but that Scutt's start-up, IOA Valley CPA, had only made $50. *See* ECF No. 2.

While Scutt has approximately $2,500 in a bank account, Schutt has monthly bills of about $6,400, as well as debt over $200,000.  *Id.*  The court deems Scutt to fall below the 2020 Poverty Guidelines for Hawaii for a single person.  *See* https://aspe.hhs.gov/poverty-guidelines (last visited February 13, 2020)(setting 2020 poverty guideline for one person in Hawaii at $14,680).

The court also screened the Complaint and finds that Scutt pleads employment discrimination claims in a manner sufficient to support an IFP Application.  *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  This, of course, does not mean that the court deems Scutt's claims to be valid.  Defendant may file a motion seeking dismissal of the Complaint for any number of reasons the court may not have envisioned.

The court GRANTS Scutt's Application.  The court provides the following orders regarding service of the Complaint:

(1) The Clerk of Court shall send Scutt one copy of the Complaint, one completed summons, two Notice of a Lawsuit and Request to Waive Service of a Summons forms (AO 398), two Waiver of the Service of Summons forms (AO 399), and an instruction sheet.  The Clerk shall send a copy of this order to the U.S. Marshals Service.

(2) Scutt shall fully complete the forms and return them to the U.S. Marshals Service, 300 Ala Moana Boulevard, Room C-109, Honolulu, Hawaii 96850. Scutt must also send to the U.S. Marshals Service a copy of the Complaint, a copy of this order, and the summons.

(3) The U.S. Marshal shall mail to Defendant a copy of the Complaint, a copy of this order, a completed Notice of Lawsuit and Request for Waiver of Service of Summons form, and two completed Waiver of Service of Summons forms. The U.S. Marshals Service shall retain the summons and a copy of the Complaint.

(4) Defendant shall return one Waiver of Service of Summons form to the U.S. Marshals Service within thirty days from the date the request is mailed. If Defendant fails to return the form within thirty days, the U.S. Marshals Service shall personally serve Defendant. Within ten days after personal service is effected, the U.S. Marshals Service shall file the return of service for Defendant with evidence of any attempts to secure a waiver of service of summons and the costs incurred in effecting service. These costs will be taxed against the personally served Defendant. *See* Fed. R. Civ. P. 4(d)(2).

(5) Defendant shall file an answer or other responsive pleading within the time provided in the Federal Rules of Civil

(2) Scutt shall fully complete the forms and return them to the U.S. Marshals Service, 300 Ala Moana Boulevard, Room C-109, Honolulu, Hawaii 96850. Scutt must also send to the U.S. Marshals Service a copy of the Complaint, a copy of this order, and the summons.

(3) The U.S. Marshal shall mail to Defendant a copy of the Complaint, a copy of this order, a completed Notice of Lawsuit and Request for Waiver of Service of Summons form, and two completed Waiver of Service of Summons forms. The U.S. Marshals Service shall retain the summons and a copy of the Complaint.

(4) Defendant shall return one Waiver of Service of Summons form to the U.S. Marshals Service within thirty days from the date the request is mailed. If Defendant fails to return the form within thirty days, the U.S. Marshals Service shall personally serve Defendant. Within ten days after personal service is effected, the U.S. Marshals Service shall file the return of service for Defendant with evidence of any attempts to secure a waiver of service of summons and the costs incurred in effecting service. These costs will be taxed against the personally served Defendant. *See* Fed. R. Civ. P. 4(d)(2).

(5) Defendant shall file an answer or other responsive pleading within the time provided in the Federal Rules of Civil

Procedure.  *See* Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1).  Failure to do so may result in the entry of default.

(6) After the U.S. Marshals Service has served the Complaint, Scutt shall serve upon Defendant, or upon Defendant's counsel if counsel's appearance has been entered, a copy of every further pleading, motion, or other document submitted to the court pursuant to Federal Rule of Civil Procedure 5(b).  With every original document Scutt seeks to file, Scutt must include a certificate stating the manner in which a true and correct copy of that document has been served on Defendant and the date of that service.  *See* Local Rule 5.6.  Any document received by the court that is not properly filed with the Clerk or that fails to include a certificate of service may be disregarded.

(7) Scutt shall immediately inform the court of any change of address in writing by filing a document that bears the title "Notice of Change of Address."  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to file such notice may result in the dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2020.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Scutt v. Altres*, Civ. No. 20-00045 SOM-RT; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE.