IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON SCUTT, | ) | CIVIL NO. 20-00045-SOM-RT |
| | ) | |
|       Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO COMPEL ARBITRATION |
|   vs. | ) | AND DENYING WITHOUT PREJUDICE |
| | ) | PLAINTIFF'S MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| | ) | |
| | ) | |
| ALTRES STAFFING INC., | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jason Scutt alleges that Defendant Altres Staffing Inc. violated Title VII of the Civil Rights Act and the Americans with Disabilities Act by discriminating against Scutt on the basis of Scutt's identity as a transgender female and Scutt's disabilities. Altres now asks this court to compel arbitration and to stay all proceedings in this action pending arbitration. This court cancels the hearing that was scheduled for June 22, 2020, and proceeds to rule without a hearing, as permitted by Local Rule 7.1(c). Because Scutt's claims are covered by a valid arbitration agreement, this court grants the motion to compel arbitration.

"The [Federal Arbitration Act] requires district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019).

"The limited role of the district court under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.* (quotations omitted).

Here, only the first prong (whether a valid arbitration agreement exists) is in dispute. Scutt signed a written arbitration agreement that encompasses the claim against Altres; Scutt does not assert otherwise. ECF No. 12-3, PageID # 70. Scutt nevertheless contends that the arbitration agreement is invalid because it is unconscionable. ECF No. 16, PageID # 74.

In determining whether a valid arbitration exists, "federal courts apply ordinary state-law principles that govern the formation of contracts." *Wilson*, 944 F.3d at 1219 (quotations omitted). Scutt signed the arbitration agreement while working on Maui. *See* ECF No. 1, PageID # 3. Scutt is challenging the validity of the arbitration agreement in a diversity action in the District of Hawaii. Accordingly, Hawaii law governs the issue of whether the arbitration agreement is valid. *See Wilson*, 944 F.3d at 1219; *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Under Hawaii law, arbitration agreements that are unconscionable will not be enforced. *Gabriel v. Island Pac. Acad., Inc.*, 140 Haw. 325, 336-37, 400 P.3d 526, 537-38 (2017). "Generally, a determination of unconscionability requires a

showing that the contract was both procedurally and substantively unconscionable when made, but there may be exceptional cases where a provision of the contract is so outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone." *Balogh v. Balogh*, 134 Haw. 29, 41-42, 332 P.3d 631, 643-644 (2014) (internal quotation marks and punctuation omitted). Thus, a party claiming that a contract is unconscionable must make a showing of substantive unconscionability. *Id.*

Scutt's only argument on this point is that the arbitration agreement is substantively unconscionable because Altres's arbitration procedures "provide[] for inequitable fee-shifting" by stating that Altres is "entitled to attorneys' fees if [it prevails], regardless of the amount of damages." ECF No. 16, PageID #78-79. But Scutt does not cite to any part of Altres's arbitration procedures actually containing such language. Nor has the court located any such language in the arbitration procedures submitted by Altres. To the contrary, the relevant provisions state that Scutt will only have to pay fees if Scutt would have owed the same fees in a "court-based proceeding":

> **4. Expenses**
>
> Unless otherwise agreed by the parties, ALTRES and/or the Customer Worksite (as appropriate depending on whether one or both of ALTRES and/or the Customer Worksite are

3

named as Respondents in the arbitration proceeding or are the Claimant(s) in the arbitration proceeding) shall bear 100% of the arbitrator's fees and all other expenses or fees that a party normally would be required to bear if his, her or its claims and/or defenses had been heard in a court-based proceeding.  Any employee bringing or defending a claim shall be required to bear all expenses and fees that an employee normally would be required to bear if his or her claims and/or defenses had been heard in a court-based proceeding.  In assessing such expenses or fees, the arbitrator shall ensure that an employee not be made to bear any type of expense or fee that the employee would not be required to bear if he or she had been free to bring or defend a claim in court and the arbitrator shall assess ALTRES and/or the Customer Worksite all types of expenses or fees that are unique to arbitration.  The provisions of this paragraph regarding expenses may be modified by written agreement of the parties.

. . .

### 33. Remedies

ALTRES' arbitration program shall not operate to limit remedies that would not otherwise have been limited by law if the dispute had proceeded in court.  Any and all remedies that would have been available to any party, including but not limited to statutory remedies, assumpsit damages, and punitive damages, shall be available to any party participating in an arbitration under these Procedures.

### 34. The Award

. . .

e. The arbitrator shall have the authority to provide for the reimbursement of reasonable attorneys' fees, in whole or in part, as part of the remedy, in accordance with applicable

law.

ECF No. 25-5, PageID # 167, 170.  Those provisions are not substantively unconscionable.

Scutt fails to show that the arbitration agreement is unconscionable.  Because, as noted earlier in this order, unconscionability requires a showing of both procedural and substantive unconscionability, Scutt's failure to establish substantive unconscionability makes it unnecessary for this court to address any argument going to procedural unconscionability. Given the absence of any other arguments by Scutt relating to Altres's motion to compel arbitration, this court grants the motion to compel arbitration, and the parties are directed to arbitrate this dispute in accordance with their arbitration agreement.

Scutt has also filed a motion for summary judgment, but it is so cryptic and unsupported that it cannot succeed.  The court here denies Scutt's motion for summary judgment without prejudice to Scutt's renewing of the motion on a fuller record and during arbitration proceedings.

Finally, Altres asks this court to stay the proceedings pending arbitration.  Because the entire action is subject to arbitration, this court dismisses the action in lieu of staying it under 9 U.S.C. § 3.  *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014); *Dunbar v. Airbnb,*

*Inc.*, 2020 WL 1550236, at *7 (D. Haw. Apr. 1, 2020).  If either party subsequently refiles an action based on the same claim or institutes a proceeding to confirm or vacate an arbitration award relating to the subject of this case, the court will waive the filing fee and the matter will be assigned to the undersigned.  To obtain a waiver of any applicable filing fee, the filing party should direct the Clerk's Office to review this order.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 18, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Scutt v. Altres Staffing Inc., Inc.*, Civ. No. 17-00435 SOM-RT; ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT